JANET M. HEROLD, Regional Solicitor
DANIELLE L. JABERG, Counsel for ERISA
CA State Bar No. 256653
ISABELLA M. FINNEMAN, Senior Trial Attorney
CA State Bar No. 172782
Office of the Solicitor
United States Department of Labor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7749
Fax: (415) 625-7772
Email: finneman.isabella@dol.gov

Attorneys for Petitioner HILDA L. SOLIS,
Secretary of Labor, United States Department of Labor

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> ELECOM, INC., JESSE MEJORADO, CONTRACTORS AND EMPLOYEES 401(K) PLAN as adopted by Elecom, Inc., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF ERISA** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary"), alleges:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1191c, and is brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

///

2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the Eastern District of California, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Contractors and Employees 401(k) Plan as adopted by Elecom, Inc., was administered in Fresno, California, within this district.

## DEFENDANTS

4. The Contractors and Employees 401(k) Plan as adopted by Elecom, Inc. (the "Plan" or "401(k) Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

5. At all relevant times, Defendant Elecom, Inc. ("Elecom" or "Company"), a corporation, was and is the sponsor and Plan Administrator of the 401(k) Plan, a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

6. At all relevant times, Defendant Jesse Mejorado ("Mejorado"), President and owner of Elecom, was and is a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and party in interest to the Plan within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

7. The 401(k) Plan is named as a Defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to assure that complete relief can be granted.

## ALLEGATIONS

### Failure To Remit Employee Contributions To The Plan, And Failure To Do So In A Timely Manner

8. Paragraphs 1 through 7 above are realleged and incorporated herein by reference.

9. The 401(k) Plan was established effective October 1, 2001, by Elecom, the 401(k) Plan sponsor, to provide benefits to its employees upon retirement, death or disability.

//

10. The 401(k) Plan's governing documents, which were adopted by Elecom, provide in pertinent part, that participants could make salary reduction contributions to the Plan, and that such deferred amount would be contributed to the Plan and allocated to the individual participants' accounts.

11. During the period from January 7, 2005, through October 10, 2008, Defendant Mejorado caused Elecom to withhold at least $9,799.17 from employees' pay for salary reduction contributions to the 401(k) Plan, but failed to remit the amount so withheld into the 401(k) Plan's accounts and instead retained and commingled the withheld contributions in Company accounts.

12. The 401(k) Plan's governing Plan documents required that employee contributions be remitted to the Plan on the earliest date that they could reasonably be segregated from the Company's assets. Based on a review of the Company's demonstrated patterns and practices, the employee contributions could have been reasonably segregated from Elecom's assets by the fifteenth business day of the month following the month the pay period occurred. During the period from January 7, 2005, through October 10, 2008, Defendant Mejorado caused Elecom to fail to timely remit owing employee contributions to the Plan on 158 separate occasions.

**Failure to Collect Employer Prevailing Wage Contributions to the Plan, And Failure To Do So In A Timely Manner**

13. The Plan's governing documents also required that Elecom make mandatory prevailing wage contributions to the Plan in accordance with an adopted schedule.

14. From September 2008 to December 2008, Defendants Elecom and- Mejorado failed to remit and/or collect approximately $3,079.34 in mandatory employer prevailing wage contributions to the 401(k) Plan.

15. Upon Defendants Elecom and Mejorado's failure to collect mandatory employer prevailing wage contributions on behalf of the Plan, the right to collect said contributions became and remains an asset of the Plan.

//

16. Pursuant to its public works construction contracts, Elecom had the ability to pay said mandatory employer prevailing wage contributions as it had received payment(s) for such contributions from the government agencies for whom Elecom was performing work, and instead allowed the funds to be retained and commingled with Company assets and same was used for non-Plan purposes.

## VIOLATIONS OF ERISA

17. By the conduct described in paragraphs 8 through 16 above, Defendants Elecom and Mejorado, acting in their fiduciary capacities:

    a. failed to hold the assets of the 401(k) Plan in a trust in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

    b. permitted the assets of the 401(k) Plan to inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

    c. failed to act solely in the interest of the participants and beneficiaries of the 401(k) Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of 401(k) Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    d. failed to act with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

    e. failed to act in accordance with the documents and instruments governing the plan as required by ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

    f. caused the 401(k) Plan to engage in transactions that they knew or should have known constituted a direct or indirect lending of money or other extension of credit between the Plan and a party in interest, in violation of ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B);

//

   g. caused the 401(k) Plan to engage in transactions that they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); and

   h. dealt with assets of the Plan in their own interests and acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2).

  18. As a direct and proximate result of the breaches of fiduciary duties committed by Elecom and Mejorado, as described in paragraphs 8 through 16 above, the 401(k) Plan has suffered losses, including lost opportunity income, for which the Defendants are jointly and severally liable pursuant to ERISA § 409, 29 U.S.C. § 1109.

  19. As of the date of this Complaint, Defendants Mejorado and Elecom have not restored to the 401(k) Plan the amount of the salary-reduction contributions, the employer prevailing wage contributions, or the lost-opportunity costs suffered as a direct result of the above described remittance and/or collection delays and failures.

## **PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for judgment:

  A. Ordering Defendant Elecom and Mejorado to restore to the 401(k) Plan any losses, including lost-opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

  B. Ordering Defendants Elecom and Mejorado to correct the prohibited transactions in which they engaged or which they caused the Plan to engage;

  C. Permanently enjoining Elecom and Mejorado from violating the provisions of Title I of ERISA;

  D. Permanently enjoining Defendants Elecom and Mejorado from serving as fiduciaries of, or service providers, to any ERISA-covered employee benefit plan and removing them from any positions they now hold as fiduciaries of the Plan;

///

E. Appointing an independent fiduciary to marshal the assets of the 401(k) Plan, to distribute any proceeds which accrue to the 401(k) Plan, to terminate the 401(k) Plan, if necessary and feasible to do so, and conclude any Plan-related matters connected with the proper termination of the Plan;

F. Requiring the Defendants to pay for all costs associated with the appointment and retention of the independent fiduciary;

G. Requiring the Defendants to cooperate with the independent fiduciary;

H. Awarding the Secretary the costs of this action; and

I. Ordering such further relief as is appropriate and just.

Dated: July 13, 2012

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

*/s/ Isabella M. Finneman*
ISABELLA M. FINNEMAN
Senior Trial Attorney

Attorneys for Plaintiff
HILDA L. SOLIS, Secretary of Labor
United States Department of Labor