MARY K. ALEJANDRO, Acting Regional Solicitor
DANIELLE L. JABERG, Counsel for ERISA
CA State Bar No. 256653
ISABELLA M. FINNEMAN, Senior Trial Attorney
CA State Bar No. 172782
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California  94103
Telephone: (415) 625-7749
Fax: (415) 625-7772
Email:  finneman.isabella@dol.gov

Attorneys for Plaintiff HILDA L. SOLIS,
Secretary of Labor, United States Department of Labor

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ELECOM, INC., JESSE MEJORADO, and CONTRACTORS AND EMPLOYEES 401(K) PLAN as adopted by Elecom, Inc.,<br><br>Defendants. | Case No. **1:12-cv-01184-AWI-DLB**<br><br>**CONSENT JUDGMENT AND ORDER** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary"), pursuant to her authority under sections 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against ELECOM, INC. ("Elecom"), JESSE MEJORADO ("Mejorado"), individually, and the CONTRACTORS AND EMPLOYEES 401(K) PLAN (the "Plan"), an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3).

A. The Secretary, Elecom, Mejorado and the Plan (collectively, the "parties") admit that the Court has jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C.

§ 1132(e)(1), and that venue lies in the Eastern District of California pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

B.  Defendants Elecom, Mejorado and the Plan (collectively "Defendants") waive filing of an Answer and further waive entering any affirmative defense, counterclaim, or third-party complaint, or any other defenses that they may have in this case.

C.  The parties agree to the entry of this Consent Judgment and Order. The parties further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary asserted in the Complaint filed in this matter.

D.  All parties expressly waive Findings of Fact and Conclusions of Law.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1.  Defendants Elecom and Mejorado are jointly and severally liable for $16,435.87[1] in losses plus lost-opportunity costs caused to the Plan ("Loss Amount"), and judgment is hereby entered against them in that amount.[2]

2.  Defendant Mejorado is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

3.  Defendant Elecom is hereby removed as Plan Administrator and fiduciary of the Plan.

4.  Defendant Mejorado is hereby removed as a fiduciary of the Plan, subject to the exceptions set forth in Paragraphs 5, 6, 15 and 16, *infra*.

5.  Defendant Mejorado shall remain a fiduciary of the Plan solely for the purpose of restoring losses to the Plan, making or causing the distributions of the assets of the Plan and subsequent termination of the Plan, in accordance with the instructions set forth below in Paragraphs 15 and 16. After Mejorado fulfills the duties set forth in Paragraphs 15 and 16, *infra,* he shall immediately be removed from his position as a fiduciary of the Plan.

6.  Defendant Mejorado is permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan, subject to

---

[1] This Loss Amount was calculated as of April 4, 2012.
[2] See Order re Nondischargeability of Debt dated September 30, 2010, Case No. 10-11876-A-7.

the exceptions set forth in Paragraphs 5, 15 and 16 herein.

7. Based on the representations made by Defendant Mejorado, including those made by him in his personal bankruptcy case (Case No. 10-11876-A-7) regarding his ability to pay, the Secretary declines to seek collection of the Loss Amount at this time. The Secretary reserves the right to bring a collection action against Defendant Mejorado for the full Loss Amount at any time. Prior to initiating a collection action, the Secretary shall send Defendant Mejorado a written demand letter ("Secretary's Demand Letter") to the last home address that he provided to the Secretary. Within fifteen (15) calendar days of receiving the Secretary's Demand Letter, Defendant Mejorado shall provide the Secretary with financial documents including, but not limited to, tax returns (for the three most recent years), bank statements, investment statements, and other similar financial statements relevant to Defendant Mejorado's ability to restore the Plan's losses.

8. Defendant Mejorado expressly agrees that the Secretary has the right, on an annual basis, to review his financial condition for the next five (5) calendar years.following the entry of this Consent Judgment. Should the Secretary elect this right, the Secretary will notify Defendant Mejorado of this demand in writing at the last home address provided to the Secretary. Defendant Mejorado affirms that, at time of this Consent Judgment and Order's execution, such address is: 5297 West Osprey Way, Fresno, CA 93722. Within fifteen (15) business days of the date of Secretary's written demand, Defendant Mejorado shall provide to the Secretary the following documents:

   a. Payroll wage statements for Defendant Mejorado for the last four (4) pay periods;

   b. True and accurate copies of state and federal tax returns filed in that year with all attachments and any requests for extensions; and

   c. A notarized declaration, made under penalty of perjury, detailing Defendant Mejorado's financial condition, including, but not limited to, any newly-acquired real or personal property, capital gains, gifts and inheritances, life insurance benefits, lottery winnings and gambling

income, financial securities, precious commodities, and non-cash gifts and winnings.

9. In addition, for the next five (5) years following entry of this Consent Judgment and Order, Defendant Mejorado agrees that, to the extent that his gross household income and other earnings as defined in Paragraph 10, *infra,* exceed $100,000.00 (one hundred thousand dollars) in any twelve-month period, Defendant Mejorado shall commence making twelve payments to the Plan: 11 (eleven) monthly payments of $1,170.77 ("Principal Payments") representing the Loss Amount and 1 (one) final balloon payment representing accrued interest ("Interest Payment"), as defined *infra*. The Principal Payments and Interest Payment are due to the Plan on the first day of the month following the month in which Defendant Mejorado meets or exceeds the gross income and other earnings threshold described herein.

    a. For the purposes of this Consent Judgment and Order and Paragraph 9, *supra,* gross household income and other earnings shall include, but are not limited to, wages, capital gains, gifts and inheritances, life or other insurance benefits, lottery winnings, and gambling income, as well as assets that can be readily liquidated into cash on demand without a significant loss in value, including equity in real estate and/or personal property, financial securities, precious commodities, and non-cash gifts and winnings.

    b. The "Interest Payment" for the accrued lost interest earnings on the Loss Amount shall be determined by the Secretary upon completion of the eleventh (11th) and final Principal Payment and the Secretary shall provide Defendant Mejorado notice of same at the last home address provided to the Secretary. The Interest Payment shall be calculated by applying to the Loss Amount the underpayment rate described in 26 U.S.C. § 6621 from the date this Court enters this Consent Judgment and

        Order until such time as Defendant Mejorado makes the final Principal Payment.

    c.    The Principal Payments and the Interest Payment shall be allocated on a pro rata basis to the Participants who have suffered monetary losses as a result of Defendant Mejorado's fiduciary breaches ("Affected Participants").  For the purposes of this Consent Judgment and Order, pro rata shall mean a percentage – the numerator shall be the amount of outstanding employee contributions or prevailing wage employer contributions attributable to an Affected Participant, and the denominator shall be the Loss Amount.

    d.    The Principal Payments and the Interest Payment shall be payable by check or money order, along with an allocation schedule, to:

Contractors and Employees Retirement Trust, Group #K3554 Elecom, Inc.
Fringe Benefit Group – Plan Benefit Services, Inc.
ATTN: Accounting Department
11910 Volente Road
Austin, TX 78726
1-800-662-6177

10.    Should Defendant Mejorado meet the income threshold set forth in Paragraph 9, *supra,* but fail to take action as described in Paragraph 9, *supra,* the Secretary, by appropriate motion, may reopen her case against Defendant Mejorado and seek restitution to the full extent of his liability to the Plan.  Further, Defendant Mejorado shall be removed as the Plan's fiduciary and, upon motion by the Secretary, an Independent Fiduciary shall be appointed by this Court to administer the Plan.  In such case, Defendant Mejorado accepts liability for all fees and expenses incurred by the Independent Fiduciary in connection with the administration of the Plan.

11.    Should Defendant Mejorado change his home address or telephone number at any time within five (5) years from the date the Court enters this Consent Judgment and Order, Defendant Mejorado shall notify the Secretary of the change, in writing, within fifteen (15) calendar days.

12. The parties expressly understand and agree that the Secretary's agreement to decline to bring a collection action at this time against Defendant Mejorado is based upon all of the financial information available, including the representations Defendant Mejorado made in his personal bankruptcy case (Case No. 10-11876-A-7) and that the Secretary has agreed not to seek any additional monetary relief to the extent that such information is materially true and accurate to the best of Defendant Mejorado's knowledge at the time such information was provided.

13. If at any time the Secretary determines that Defendant Mejorado transferred assets for the purpose of avoiding disclosure or making full repayment to the Plan as set forth in this Consent Judgment and Order or materially misrepresented his financial condition, the Secretary, by appropriate motion, may reopen her case against Defendant Mejorado and seek restitution to the full extent of his liability to the Plan.

14. Each time a submission to the Secretary is required under this Consent Judgment and Order, such submission shall be made by reliable overnight delivery or facsimile to:
>
> Jean Ackerman, Regional Director
> United States Department of Labor
> Employee Benefits Security Administration
> 90 Seventh Street, Suite 11-300
> San Francisco, CA 94103
> Fax: 415-625-2499

15. This Consent Judgment and Order does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty percent (20%) on amounts recovered, or the applicable recovery amount, pursuant to ERISA Section 502(l), 29 U.S.C. § 1132(l).  Defendants agree to waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83.  Upon assessment, payment shall be made immediately unless Defendants file a petition for waiver or reduction of the penalty as provided for in 29 C.F.R. §§ 2570.83–2570.87 and the Secretary agrees to waive or reduce the penalty.  In the event that the Secretary does not agree to waive or reduce the penalty, Defendants shall remit the penalty amount to the Secretary within sixty (60) calendar days of receipt of the Secretary's decision denying Defendants'

petition. Defendants may not challenge the applicable recovery amount, the validity of the violations alleged, or their liability for the violations.

16. Defendants expressly waive any and all claims of any nature that they have or may have against the Secretary, the U.S. Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

17. The parties shall each bear their own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding, including, but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

18. Nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

19. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

20. By signing their names to this Consent Judgment and Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

Dated:

        Jesse Mejorado, an individual

Dated:        ELECOM, INC.

        Jesse Mejorado

Dated:        M. PATRICIA SMITH
        Solicitor of Labor

        MARY K. ALEJANDRO

        Acting Regional Solicitor

        DANIELLE L. JABERG
        Counsel for ERISA

        _____
        ISABELLA M. FINNEMAN
        Senior Trial Attorney
        Attorneys for Plaintiff
        HILDA L. SOLIS, Secretary of Labor

The Court directs the entry of this Consent Judgment and Order as a final order.

IT IS SO ORDERED.

Dated:  October 16, 2012          _____
        CHIEF UNITED STATES DISTRICT JUDGE